court has inherent power and authority, in a proper case, aside from the statutory provisions, to grant a preference (Schuman v. Brooklyn Heights R. R. Co. [Sup.] 71 N. Y. Supp. 1095, 1096, affirmed without opinion 64 App. Div. 620, 72 N. Y. Supp. 1127); and it is recognized in the Schuman Case that:

"There are from time to time cases that should be preferred out of their order, and over earlier issues, though upon previous calendars; i. e. * * * where there is danger of the death of a party."

The present application, addressed to the discretion of the court, is one in which the preference should be granted. The action, being for personal injuries, abates on the death of the plaintiff. The moving papers contain an affidavit of a physician, which sets forth that he had examined the plaintiff on February 4, 1910; that he found him suffering from a disease of a tubercular character; that the disease is a progressive one, from which plaintiff cannot recover; and that it is of such a character that, in his opinion, it will cause the plaintiff to grow weaker, and will cause his death within four months, if not earlier. On the other hand, there is nothing to indicate that a speedy trial of the case will in any way prejudice the rights of the defendant.

The motion for the preference is accordingly granted, and the clerk is ordered to place the cause on the ready calendar of this court for the 14th day of March, 1910, for trial.

Motion granted.

---

(66 Misc. Rep. 215.)

CLEMENT v. LIQUORS SEIZED, etc.

(Supreme Court, Special Term, New York County. February, 1910.)

INTOXICATING LIQUORS (§ 248*)—SEARCH WARRANT—APPLICATION—DEMURRER.

A demurrer to a proceeding under the excise statute for a search warrant will be dismissed on motion, as the statute makes no provision therefor.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 248.*]

Special proceeding by Maynard N. Clement for a search warrant against liquors seized at No. 121 West Forty-Third street and No. 120 West Forty-Third street. On motion to dismiss demurrers. Granted.

Herbert H. Kellogg, for plaintiff.
J. K. Field, for defendants.

DAYTON, J. These are special proceedings for a search warrant, brought under the provisions of the excise statute of the state, which regulates the procedure thereunder. There is no provision in that statute for a demurrer. I am of the opinion that the motions to dismiss the demurrers should be granted, without costs, and that the party proceeded against should have 10 days' time in which to answer.

Motions granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes